UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTA LOMAZZO,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, et al.,

Defendants.

_______________________________/

Case No. 2:26-cv-13398

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 3), DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE, AND DENYING AS MOOT PLAINTIFF'S REQUESTS FOR PROMPT DETERMINATION (ECF Nos. 5; 7)**

On September 8, 2026, Plaintiff Christa Lomazzo, proceeding without counsel, filed this action against the Social Security Administration ("SSA") and the Commissioner of Social Security. ECF No. 1. Lomazzo seeks mandamus and equitable relief based on what she characterizes as unreasonable administrative delay in the processing of her pending Social Security disability claim. *Id.* at PageID.1–8. Lomazzo also applied to proceed *in forma pauperis*. ECF No. 3.

In the 30 days since filing her Complaint, Lomazzo also submitted two substantially identical Requests for Prompt Determination of Pending Application to Proceed Without Prepaying Fees or Costs, ECF Nos. 5; 7, and a Notice of

Administrative Development and Claimant's Continued Participation in SSA Proceedings, ECF No. 6. This Court has considered these submissions and their exhibits in resolving her application and examining its jurisdiction.

For the reasons explained below, Lomazzo's application to proceed *in forma pauperis* will be denied, and her Complaint will be dismissed without prejudice for lack of subject-matter jurisdiction.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A preliminary question is whether Lomazzo may proceed without prepaying the filing fee for her Complaint. A federal litigant who cannot afford court fees may request permission to commence a civil action without prepaying them. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing 28 U.S.C. § 1915). Section 1915 permits a district court to authorize commencement of an action without prepayment of fees when an applicant submits an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

An applicant need not be "absolutely destitute" to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But courts may deny an application where the applicant can pay the filing fee while making an acceptable sacrifice as to other expenses. *See Sawyer v. Trott*, No. 2:18-cv-13684, 2018 WL 6626544, at *1 (E.D. Mich. Nov. 29, 2018), *report and recommendation adopted*, 2018 WL 6620909 (E.D. Mich. Dec. 18, 2018). In determining eligibility,

courts generally consider employment, income, and "any other property or assets the person may possess." *Cognetto v. Comm'r of Soc. Sec.*, No. 14-10006, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (adopting report and recommendation) (citation omitted).

Lomazzo's application does not establish that she is unable to pay the filing fee. On one hand, Lomazzo reports that she is unemployed, has no current wages, and has no money in cash, checking, or savings accounts. ECF No. 3 at PageID.64–65. She also reports receiving a one-time payment of $1,250 from a tenant in August 2025, which she does not expect to continue. *Id.* at PageID.64. Lomazzo also identifies substantial monthly obligations and states that she is currently in default on those obligations. *Id.* at PageID.65.

However, Lomazzo also reports owning a primary residence in Michigan; co-owning a seasonal rental property in Florida; owning a 2019 Alfa Romeo Stelvio; and owning two Yamaha Wave Runner jet skis. ECF No. 3 at PageID.65. Although Lomazzo states that the Michigan home is currently uninhabitable and that the Alfa Romeo is inoperable and subject to a $5,000 repair obligation, she does not provide the approximate value or equity of either residence, the assets, or the Wave Runners. *Id.*

Lomazzo's Requests for Prompt Determination reiterate that she has no employment income and cannot pay the filing fee without impairing her ability to

meet necessary living expenses. ECF Nos. 5; 7. But her exhibits to these filings are also unavailing. She reproduces her September 8, 2026, application to proceed *in forma pauperis*, and provides state-court docket entries reflecting fee waivers or suspensions in two other cases. *Id.*, Exs. A–C. This Court has considered those determinations, but they do not establish her eligibility under § 1915 in this action or supply the missing information about the value of her assets and equity. Her offer to provide additional financial information likewise does not by itself supply that information. ECF Nos. 5 at PageID.68; 7 at PageID.87.

Considering Lomazzo's financial circumstances as a whole, this Court concludes that she has not demonstrated that she is unable to pay the costs of this litigation and still provide for herself. *See Adkins*, 335 U.S. at 339. In particular, Lomazzo identifies significant assets but does not provide sufficient information concerning their value or equity to establish that payment of the filing fee would impose an undue hardship.

Accordingly, Lomazzo's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 3, will be denied.

## II. SUBJECT-MATTER JURISDICTION

Because Lomazzo is denied leave to proceed *in forma pauperis*, this Court may not screen her Complaint under 28 U.S.C. § 1915(e)(2). *See Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). But federal courts have an independent

obligation to examine their subject-matter jurisdiction, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Even liberally construing Lomazzo's *pro se* Complaint, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), this Court lacks subject-matter jurisdiction over this action.

Lomazzo applied for Social Security disability benefits and is presently pursuing the administrative review process. According to the Complaint, her claim reached the Administrative Law Judge ("ALJ")/hearing-office level on approximately June 8, 2026, and remains pending there. ECF No. 1 at PageID.3. Lomazzo expressly states that she does not ask this Court to determine that she is disabled or to award benefits. *See id.* at PageID.2–3. Instead, she seeks an order requiring the Social Security Administration to take substantive administrative action on her claim, to reconsider or properly address her request for critical or dire-need processing, and to act within a period established by this Court. *Id.* at PageID.7–8.

**A. Section 405(g)**

Judicial review of Social Security determinations is ordinarily available under 42 U.S.C. § 405(g), which permits review of a "final decision of the Commissioner of Social Security made after a hearing." Lomazzo identifies no such final decision.

Her Complaint concerns a claim pending before an ALJ, and her later notice confirms that the administrative proceedings are continuing. ECF Nos. 1 at PageID.3; 6 at PageID.84–86. Although her Request for Prompt Determination characterizes this case as a "judicial-review action" and refers to the Supplemental Rules for Social Security Actions, those rules govern review on the record of a final decision. *Compare* ECF No. 7 at PageID.87 *with* 42 U.S.C. § 405(g). They do not independently provide jurisdiction for this Court to review or direct an ongoing administrative proceeding.[1] See FED. R. CIV. P. 82; *Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016) (explaining that procedural rules do not independently confer subject-matter jurisdiction).

This Court recognizes that § 405(g)'s exhaustion requirement is non-jurisdictional and may be waived by the agency or excused by a court. *Smith v. Berryhill*, 587 U.S. 471, 478 (2019). This Court therefore does not treat Lomazzo's failure to complete administrative review as an independent jurisdictional defect. Rather, her Complaint expressly seeks mandamus directing action in an ongoing

[1] Although Lomazzo does not invoke 28 U.S.C. § 1331 as a basis for jurisdiction, federal-question jurisdiction would not independently support this action. Section 405(h) provides that no action against the United States, the Commissioner, or an officer or employee thereof may be brought under § 1331 to recover on a claim arising under the Social Security Act. *See Bisson v. Sec'y of Health & Hum. Servs.*, 787 F.2d 181, 183–85 (6th Cir. 1986).

proceeding, not review of a benefits decision. ECF No. 1 at PageID.7–8. This Court addresses below whether jurisdiction exists over that requested relief.

**B. Mandamus Jurisdiction**

Lomazzo principally invokes 28 U.S.C. § 1361, which does grant district courts jurisdiction over mandamus actions to compel a federal officer or agency to perform a duty owed to a plaintiff. ECF No. 1 at PageID.2. But mandamus is an extraordinary remedy available only where the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear, nondiscretionary duty. *Bisson*, 787 F.2d at 184. Lomazzo satisfies neither requirement.

First, Lomazzo has not exhausted the other avenues available to obtain relief. Her disability claim remains pending before the ALJ. *See* ECF No. 7. Her recent filings confirm that she may present her evidence and arguments in that proceeding, pursue further administrative review and, if appropriate, seek judicial review under § 405(g). *See* ECF No. 6. Her repeated requests for expedited treatment do not alone establish that these avenues are unavailable.

Second, Lomazzo's allegations do not demonstrate that SSA has refused to process her claim or failed to perform a clear, presently due ministerial duty. Lomazzo alleges that SSA accepted her request for an ALJ hearing, considered and denied her request for critical or dire-need treatment, received further submissions from her, and later contacted her regarding whether she intended to continue

pursuing her claim. ECF No. 1 at PageID.2–4. Thus, Lomazzo alleges not that SSA has refused altogether to act, but that it has not acted as quickly or in the manner that she believes her circumstances require.

*Bisson* distinguishes an agency's refusal to proceed or afford a required hearing from disagreement with how the agency processes a pending claim. 787 F.2d at 185. When the agency is acting on the claim, mandamus does not permit the court to direct how it proceeds. *Id.* ("[I]t is not the role of the courts, through mandamus, to order the Secretary *how* to proceed." (emphasis in original)).

The same reasoning applies here. Lomazzo's hearing request was filed approximately three months before she commenced this action. ECF No. 1 at PageID.1. Lomazzo alleges that SSA denied her dire-need request on or about August 4, 2026. ECF No. 1 at PageID.2. She further alleges that SSA remained in contact with her thereafter, including by contacting her on or about August 18, 2026, to ask whether she had abandoned her claim. *Id.* at PageID.6. Those allegations do not establish that SSA has refused to process her claim. Rather, Lomazzo asks this Court to supervise the timing and manner of an ongoing Social Security proceeding, without identifying a clear, presently due, nondiscretionary duty that the agency has refused to perform.

Her additional filings reinforce that conclusion. A September 14, 2026, letter from ALJ Raymond Rodgers states that he reviewed the evidence and believed it

could benefit Lomazzo to appear and testify, despite her earlier waiver of an appearance. ECF No. 6 at PageID.81. Lomazzo signed the response electing to testify on September 23, 2026. *Id.* In her accompanying September 22 letter, she states that she is prepared to proceed immediately, has waived the ordinary 75-day advance-notice period, and has been told that the hearing will proceed by Zoom. *Id.* at PageID.84. These developments reflect active consideration of her claim, not a refusal to proceed. Her concerns about consideration of older medical evidence and renewed requests for dire-need treatment may be presented in that ongoing proceeding. *Id.*

The Sixth Circuit has expressly recognized that administrative delay may impose substantial hardship on individual claimants. *Bisson*, 787 F.2d at 186. But, it explained that Congress balanced such hardship against the danger of "premature judicial intervention" in an administrative system processing millions of claims and required exhaustion before judicial review. *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 627 (1984)). Accordingly, § 1361 does not provide mandamus jurisdiction over Lomazzo's claims.

In sum, Lomazzo has not established mandamus jurisdiction under § 1361, and § 405(h) forecloses ordinary federal-question jurisdiction over her claims arising under the Social Security Act. Her later submissions do not cure those defects. This Court will therefore dismiss this action without prejudice. This disposition does not

resolve the merits of her disability claim or foreclose a later action for judicial review following a reviewable final decision.

## III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 3, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Further, it is **ORDERED** that Plaintiff's Requests for Prompt Determination of Pending Application to Proceed Without Prepaying Fees or Costs (ECF Nos. 5; 7) are **DENIED AS MOOT** to the extent they seek an expedited ruling, because this Opinion and Order resolves the pending application.

**IT IS SO ORDERED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 8, 2026